IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **TAYLOR ROSS JACOBS** **#0011133,** | ) ) ) | |
| Plaintiff, | ) ) | No. 3:23-cv-00858 |
| v. | ) ) ) | Judge Trauger Magistrate Judge Holmes |
| **RUTHERFORD COUNTY,** | ) ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION

Taylor Ross Jacobs, an inmate of the Rutherford County Adult Detention Center in Murfreesboro, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against Rutherford County, alleging violations of Plaintiff's civil rights. (Doc. No. 1).

The complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I.   PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520121 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. Alleged Facts

The complaint alleges that, on October 5, 2022, Plaintiff was arrested for a petty drug charge that violated his probation. In lieu of serving the remainder of his sentence in the Rutherford County Adult Detention Center, Plaintiff opted for placement in the Rutherford County Drug Court program, which is an eighteen-month substance abuse treatment program funded and regulated by

2

the Tennessee Department of Mental Health and Substance Abuse Services. Rutherford County Circuit Court Judge James Turner oversees the program.

On January 10, 2023, a representative from the Drug Court program assessed Plaintiff's eligibility for the program. She suggested that Plaintiff complete a residential substance abuse treatment program prior to beginning the Drug Court program. Plaintiff informed her that he agreed to her suggestion if the program was not-faith based because Plaintiff is an atheist.

Shortly thereafter, Plaintiff was accepted into the Tony Rice Center, a 90-day residential substance abuse treatment program in Shelbyville, Tennessee. He appeared in court on February 3, 2023, for the judge to issue Plaintiff's furlough into the Tony Rice Center and then into the Drug Court program. Plaintiff was instructed that, if he left the Tony Rice Center, he must report immediately to the Rutherford County Sheriff's Office to serve the remainder of his sentence.

On February 6, 2023, Plaintiff was released from jail into the custody of his case manager for Drug Court, Miranda Snide, to be transported to the Tony Rice Center. There, Plaintiff immediately discovered that the program included "profoundly offensive and threatening" religious components such as prayers before meals invoking the name of Jesus Christ, prayers before and after each class (specifically, The Lord's Prayer), and required attendance at off-campus Alcoholics Anonymous ("AA") meetings at a Presbyterian church "which always contained explicit material rooted in the Christian faith . . . ." (Doc. No. 1 at 6-7).

Plaintiff contacted Ms. Snide to voice his objections to the explicit religious content of the program. She acknowledged his concerns and promised to share them with the clinical team during their weekly meeting. A week later, Ms. Snide informed Plaintiff that someone would be coming to speak with him. Approximately two weeks later, two people from the Drug Court came to the Tony Rice Center and spoke with Plaintiff and his counselor, but these individuals did not address

3

Plaintiff's concerns about the religious content of the center's program. Plaintiff continued to share his concerns with Ms. Snide over the remainder of his stay at the Tony Rice Center. However, Plaintiff was required to complete the program there so as not to forfeit his participation in the Drug Court program.

Plaintiff completed the Tony Rice program on May 8, 2023, and entered the Drug Court program on May 11, 2023. During his first meeting with Ms. Snide about the Drug Court program, Plaintiff learned that, during the early phase of the program, weekly attendance "of at least one 'self-help' meeting" was required. (*Id*. at 9). Although program requirements did not specifically mandate that the meetings be AA meetings, the complaint alleges that "those were the only options readily available that were conductive to" the program's specific requirements, such as the requirement to sustain gainful employment that did not interfere with the program's schedule and not being allowed to leave the county. (*Id*. at 10). Plaintiff also learned that, in later phases of the program, "active participation in religious programming" was required more than once a week. (*Id*.)

Plaintiff again alerted his case manager that the religious programming was inconsistent with his atheist beliefs, and he asked to join a secular alternative program. He stated that he believed it was violative of the law for the county to present him with only religious programs. Ms. Snide "acknowledged that she was already ware of this" but did not provide Plaintiff with any other options. (*Id*.)

On June 29, 2023, after being in the Drug Court program for seven weeks. Plaintiff "was terminated for reasons that, as of this complaint, are still unclear." (*Id*.)

As relief for what he believes to be violations of his constitutional rights, Plaintiff seeks compensation for his court costs and $200,000 in compensatory damages "for loss of personal

4

liberty and mental/emotional distress [he] was forced to endure due to the facts stated in this complaint." (*Id.* at 13).

IV. Analysis

The complaint alleges claims under the First, Fifth, and Fourteenth Amendments to the United States Constitution. (Doc. No. 1 at 4).

"The Establishment Clause of the First Amendment prohibits the enactment of any law 'respecting an establishment of religion.'" *Maye v. Klee*, 915 F.3d 1076, 1084 (quoting U.S. Const. amend. I). The First Amendment is applicable to the states through the Fourteenth Amendment. *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993). "It is beyond dispute that, at a minimum, the Constitution guarantees that government may not coerce anyone to support or participate in religion or its exercise . . . ." *Lee v. Weisman*, 505 U.S. 577, 587 (1992).

"Courts have held that because of the religious focus of NA/AA programs, forcing prisoners and parolees to attend them as a condition of their confinement or parole violates their rights under the Establishment Clause." *Goodwin v. Hamilton*, No. 10-cv-11909, 2011 WL 893118, at *4 (E.D. Mich. Mar. 14, 2011) (citing *Inouye v. Kemna*, 504 F.3d 705, 713 (9th Cir. 2007); *Warner v. Orange County Dep't of Prob.*, 115 F.3d 1068, 1075 (2d Cir. 1997); *Kerr v. Farrey*, 95 F.3d 472, 479-80 (7th Cir. 1996); *Cain v. Caruso*, No. 08-CV-14699, 2009 WL 2475456, at *11 (E.D. Mich. Aug. 11, 2009); *Hanas v. Inner City Christian Outreach, Inc.*, 542 F. Supp.2d 683, 701 (E.D. Mich. 2008)). *See also Veeder v. TRI-CAP*, No. 17-cv-011690, 2020 WL 1867212, at *12 (E.D. Mich. Jan. 30, 2020) ("a probation officer may not abuse his or her discretion by requiring a defendant on supervised release to participate in a faith-based substance abuse treatment program which is inappropriate given the defendant's religious beliefs.").

For there to be a constitutional violation, the plaintiff must object to attending the program on religious grounds and be forced to attend over objection. *See id.* (discussing *Inouye*, where the court found that plaintiff's rights under the Establishment Clause had been violated by being forced to choose between returning to prison or attending a drug treatment program that required participation in NA/AA; plaintiff "had long objected to compelled participation in religion-based drug treatment programs"). Otherwise, there is no coercion and consequently no constitutional violation. *Id.* at *5-6 (distinguishing *Goodwin* from *Inouye*, noting that because Goodwin never objected to mandatory participation in religious programs at Pine Rest and never asked about secular alternatives, he had failed to state an Establishment Clause claim). Where there are secular alternatives to NA/AA that the plaintiff may attend, there can be no coercion. *See id*.

Here, the complaint names only one Defendant to this action: Rutherford County, Tennessee. A claim of governmental liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision, or custom promulgated by a county or its agent. *Monell Dep't of Social Svcs.,* 436 U.S. 658, 690-691 (1978). In short, for Rutherford County to be liable to Plaintiff under Section 1983, there must be a direct causal link between an official policy or custom and the alleged violation of Plaintiff's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir .2013) (citing *Monell*, 436 U.S. 658, 693); *Regets v. City of Plymouth*, 568 F. App'x 380, 2014 WL 2596562, at *12 (6th Cir. 2014) (quoting *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision;

or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

Here, the complaint alleges that Rutherford County has an unconstitutional policy or practice of providing inmates who are participating in the county's government-funded Drug Court program with no secular programming options; instead, inmates must participate in faith-based programming to successfully complete the Drug Court program. The complaint further alleges that Plaintiff raised multiple objections to the religious nature of the Drug Court and related programming and was provided with no secular alternatives. Given the above precedent, these allegations are more than adequate to state a colorable First Amendment Establishment Clause claim under Section 1983 against Rutherford County.

## V. Conclusion

The court has screened the complaint pursuant to the PLRA and determines that the complaint sets forth colorable First Amendment claims under Section 1983 against Rutherford County, Tennessee. This case shall proceed.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge